## JOHN W. KELLEY v. R. MILES AND WIFE.

**Vendor and Purchaser—Sufficiency of evidence.**
> Certain evidence held not to overcome evidence that the father actually purchased the land for his daughter, paid a certain amount of the funds of his daughter and advanced $75 of his own money.

APPEAL FROM WASHINGTON CIRCUIT COURT.

February 19, 1873.

OPINION BY JUDGE PETERS:

Martin proves that as agent of one of the Greens, guardian of one, and husband of the other heir of Henry Green, deceased, who owned the lots in controversy, he sold them to James Marrattay, that Marrattay paid $200 to Fanny Green, and sent $325 and a note for $75 to be paid to him, the witness, when a deed was made to the property, and afterwards Marrattay paid him the seventy-five dollars in satisfaction of the note, and he stated that at the time Marrattay bought the property he told him he was buying it for his daughter, Mrs. Miles, that he had received $800 or $1,000 from her grandfather's estate and he wanted to invest it in a house and lot

for his daughter and her heirs. The sale was made in parol of the house and lot about six weeks before the conveyance was made, as Martin proves. A copy of the deed is filed and it bears date September 1, 1866.

Murray proves he was one of the administrators of Caleb Hardesty, grandfather of Mrs. Susan Miles, and that as such he paid to her $600 on the 30th of January, 1854. He thinks she handed it to her husband.

Mr. McElroy proves that he was on the 10th of September, 1865, cashier of the Washington Bank, and on that day the bank loaned R. P. Miles $500 in currency for which the bank received $500 in gold and silver as collateral security, and that Miles could not have gotten the money without good personal or collateral surety, and on the 10th of July, 1866, he redeemed the gold and silver.

The currency could not have been gotten from the bank to pay for the Springfield property; it was borrowed nearly one year and returned a month or two before the purchase was consummated, and money paid Martin proves the property was paid for in currency; no connection therefore is shown between the bank transaction and the purchase of the house and lots.

Mrs. Overton, it is true, says that R. P. Miles told her he had bought the house from the other children, and she thought she was conveying the property to him, when she signed the deed, but she was mistaken as to whom the conveyance was made as the deed shows.

This evidence is not sufficient to overcome the evidence of Martin to the fact that Marrattay actually made the purchase, paid the money and said at the time that $525 of the price paid was the money of Mrs. Miles, and the residue of $75 he himself advanced.

We do not, therefore, feel authorized to disturb the judgment, wherefore the same is *affirmed*.

*Brown & Lewis, for appellant.*

*Hays, for appellees.*